KLEIN v. TURKEL.

(Supreme Court, Appellate Term.   June 28, 1899.)

CONTRADICTORY EVIDENCE—MATERIALITY.

In an action to recover articles claimed to have been in a restaurant purchased by plaintiff from defendant, and to have passed under a bill of sale conveying all articles then in the restaurant, though not among those enumerated, plaintiff and her husband testified that they examined the contents of the restaurant, and made an inventory thereof, and that the articles in question were there.   *Held*, that it was error to strike out the testimony of defendant that plaintiff and her husband did not make such examination or inventory.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Nina Klein against Bernard Turkel.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Joseph J. Harris, for appellant.
A. E. Hagemann, for respondent.

MacLEAN, J. Under a bill of sale under seal, the plaintiff bought from the defendant the good will of the business of a restaurant, together with certain chattels enumerated in the schedule, "and all other chattels, fixtures," etc., "therein contained, not hereinbefore specifically mentioned." Thereafter, claiming that all she bought had not been delivered to her, she brought this action for the wrongful detention of certain articles not specifically mentioned in the schedule. Both the plaintiff and her husband testified that, at the time of the sale, they examined the contents of the restaurant, and made an inventory of the articles, and that the articles now claimed by the plaintiff were there. The defendant testified to exactly the contrary, saying that the articles claimed were not there, and were never there. His counsel asked, "Did they [the plaintiff and her husband] examine the contents of the restaurant?" and he answered, "No, sir;" and thereafter, "Did they take any inventory of the restaurant? A. No, sir." To these questions the plaintiff objected that they were entirely immaterial, for the reason that the bill of sale speaks for itself. The court sustained the objection, and struck out the answers, "in view of the fact that the action is not for breach of warranty," with exception to the defendant. Neither the reason of the objection stated by the plaintiff's counsel, nor that given by the learned justice, for his ruling, was tenable. The evidence to be elicited by the question was in direct contradiction of a material incident testified to by the plaintiff and her husband, and would have been of importance for the consideration of the jury. For such error the judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.